FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**August 2, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

WESLEY THOMPSON,

    Petitioner - Appellant,

v.

WARDEN BENZON,

    Respondent - Appellee.

No. 21-4114
(D.C. No. 2:18-CV-00320-DAK)
(D. Utah)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **PHILLIPS**, **MURPHY**, and **EID**, Circuit Judges.
_____

This matter is before the court on Wesley Thompson's pro se requests for a

certificate of appealability ("COA") and to proceed on appeal *in forma pauperis*.

Thompson seeks a COA so he can appeal the district court's denials of both his

28 U.S.C. § 2254 petition and his Fed. R. Civ. P. 59(e) motion to alter or amend

judgment.[1]  *See* 28 U.S.C. § 2253(c)(1)(A).  We **grant** Thompson's request to

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] After the district court denied his Rule 59(e) motion, Thompson did not file a new or amended notice of appeal.  *See* Fed. R. App. P. 4(a)(4)(B)(ii) (providing that a new or amended notice of appeal is required to appeal, inter alia, the denial of a Rule 59(e) motion).  We nevertheless have jurisdiction over the denial of Thompson's Rule 59(e) motion because Thompson filed his combined brief and application for a COA within thirty days of the district

proceed on appeal *in forma pauperis*.  Because Thompson has not, however, "made a substantial showing of the denial of a constitutional right," *id.* § 2253(c)(2), this court **denies** his request for a COA and **dismisses** this appeal.

Thompson pleaded guilty in Utah state court to two counts of child sexual abuse and one count of attempted child sexual abuse.  On direct appeal, the Utah Court of Appeals rejected Thompson's challenges to the trial court's sentencing decisions.  Thompson did not seek certiorari review in the Utah Supreme Court. Thompson then filed a timely state petition for post-conviction relief.  The Utah Court of Appeals affirmed the trial court's denial of that petition, and the Utah Supreme Court denied Thompson's request for a writ of certiorari.

Thompson then filed the instant § 2254 petition, raising numerous challenges to his convictions and resulting sentences.  The State responded by arguing that each of the issues set out in Thompson's § 2254 petition was procedurally barred.  In a thorough and comprehensive order dated September 7, 2021, the district court agreed all issues set out in Thompson's petition were procedurally barred.  The district court, thus, denied Thompson's petition.

Thompson then filed an exceedingly lengthy Rule 59(e) motion, rearguing the merits of the district court's procedural default ruling and, in addition, raising four entirely new issues.  Again, in a thorough and comprehensive order, the

---

court's denial of the Rule 59(e) motion.  *See generally Smith v. Barry*, 502 U.S. 244, 248-49 (1992).

district court denied Thompson's motion to the extent it reargued issues previously litigated. In particular, the district court concluded Thompson's arguments did not satisfy the standard set out in *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). As to the issues raised for the first time in the Rule 59(e) motion, the district court took a different tack. It determined that, at least as to these issues, Thompson's motion was more akin to a Fed. R. Civ. P. 60(b) motion. *See* Dist. Court Order of June 1, 2022, at 8 ("The final four of Petitioner's post-judgment challenges are apparently newly raised and therefore fit more appropriately under the rubric of Rule 60(b); after all, Petitioner is not in a position to attack--under Rule 59(e)--the Court's treatment of these challenges in its dismissal order, when these issues were never introduced before now."). So construed, the district court concluded it lacked jurisdiction to resolve those issues because they amounted to a second or successive habeas petition. *See id.* at 1-3, 9-12 (citing, inter alia, *Gonzalez v. Crosby*, 545 U.S. 524, 538 (2005)).

The granting of a COA is a jurisdictional prerequisite to Thompson's appeal from the denials of his § 2254 petition and his Rule 59(e) motion. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To be entitled to a COA, Thompson must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the

issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (quotations omitted). In evaluating whether Thompson has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Id.* at 338. Although Thompson need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* (quotations omitted).

Having undertaken a review of Thompson's combined request for a COA and appellate brief, the district court's well-stated orders dated September 7, 2021, and June 1, 2022, and the entire record before this court, we conclude Thompson is not entitled to a COA. In so concluding, this court has nothing to add to the comprehensive analysis set out by the district court as to each of the issues that were denied as procedurally barred. As to the four new issues raised in Thompson's Rule 59(e) motion, we note that it is far from clear the rule set out by the Supreme Court in *Crosby* applies. *See generally Banister v. Davis*, 140 S. Ct. 1698, 1705 (2020) (holding that Rule 59(e) "motion[s] to alter or amend a habeas court's judgment" do not count as "second or successive habeas application[s]"). Nevertheless, no reasonable jurist would find fault with the district court's refusal to address those four issues on the merits. *See id.* at 1702-03 ("In keeping with [its] corrective function, federal courts generally have used Rule 59(e) only to reconsider matters properly encompassed in a decision on the merits. In particular, courts will not address new arguments or evidence that the

4

moving party could have raised before the decision issued." (citation, alterations, and quotations omitted)).  Accordingly, this court **DENIES** Thompson's request for a COA and **DISMISSES** this appeal.

                                    Entered for the Court


                                    Michael R. Murphy
                                    Circuit Judge